UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE GRUENDL,

    Plaintiff,

    v.

WELLS FARGO BANK NA, *et al.*,

    Defendants.

Case No. C11-0447RSL

ORDER GRANTING DEFENDANT
WELLS FARGO BANK NA'S
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant Wells Fargo Bank NA ("Wells Fargo"). The other defendant, Northwest Trustee Services, has filed a separate motion to dismiss that is not yet ripe for review. For the reasons set forth below, the Court grants defendant's motion.[1]

## II. DISCUSSION

Plaintiff, who is proceeding *pro se*, seeks injunctive and monetary relief. In her complaint, she contends that she borrowed $175,000 from Wells Fargo to refinance her property. She executed a promissory note and signed a deed of trust in connection with the transaction.

---

[1] Because the Court finds that this matter can be decided on defendant's memoranda and the balance of the record, Wells Fargo's request for oral argument is denied.

ORDER GRANTING
MOTION TO DISMISS - 1

Complaint at p. 2.  Plaintiff contends that Wells Fargo misrepresented the terms and conditions of the loan and as a result, the loan documents are invalid.  Id. at p. 3.  Plaintiff also contends that she owes less than Wells Fargo alleges.  She further alleges that "Wells Fargo has not followed procedure according to Washington State law in regards to proper filing according to RCW 61.24.030 Requisites to trustee's sale."  Id.

Wells Fargo filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted.  The complaint should be liberally construed in favor of the plaintiff and its factual allegations taken as true.  See, e.g., Oscar v. Univ. Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir. 1992).  The Supreme Court has explained that "when allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558 (2007) (internal citation and quotation omitted).

"A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading."  Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citation and quotation omitted).  Accordingly, the Court considered the promissory note and notice of default, which were referenced in the complaint.  The Court also considered the deed of trust, notice of trustee's sale, and the trustee's deed because they have been recorded in the Whatcom County Auditor's office.  See, e.g., Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (explaining that a court may take judicial notice of publicly recorded documents without turning a motion to dismiss into a motion for summary judgment).

As an initial matter, plaintiff did not respond to this motion, which the Court construes pursuant to Local Rule 7 as a concession that the motion has merit.  Moreover, plaintiff has failed to set forth sufficient facts to show that she is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009).  For example, she fails to set forth any procedures that Wells

ORDER GRANTING
MOTION TO DISMISS - 2

1 Fargo allegedly disregarded. Nor does she explain how defendant misrepresented the loan
2 terms. Although plaintiff lists the Consumer Protection Act, "violation of national banking
3 laws," the Truth in Lending Act, and breach of fiduciary duty in the caption of her complaint, the
4 complaint does not set forth any elements of those claims or facts in support. Plaintiff disagrees
5 with the amount she was in default, but because she concedes that she was, in fact, in default,
6 she has not articulated a valid theory for invalidating the trustee's sale. Therefore, plaintiff has
7 failed to state plausible claims. In light of the fact that plaintiff has not responded to the motion
8 to dismiss, the Court will dismiss the claims rather than granting her leave to amend.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Wells Fargo's motion to dismiss (Dkt. #7) and dismisses plaintiff's claims against Wells Fargo.

DATED this 18th day of May, 2011.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 3